IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF JANUARY 29TH, 1869.

1. The provision of the Constitution, that the salaries of officers shall be payable quarterly, does not refer to the "pay" of members of the Legislature; their "pay" may be drawn at such time as the Legislature may, by law, determine.

EXECUTIVE OFFICE,  
TALLAHASSEE, Fla., January 29, 1869.

*To the Hon. the Supreme Court:*

The Constitution, Article XVI., section 4, says: "The pay of the members of the Senate and House of Representatives shall be $500 per annum," &c. Section 6 says: "The salary of each officer shall be payable quarterly upon his own requisition."

Is the salary of members of the Legislature payable monthly, quarterly, or yearly? Is it payable in advance or at the close of the period?

An early opinion is required for the guidance of the Executive Department.

Very respectfully, your obedient servant,

HARRISON REED, Governor.

To His Excellency HARRISON REED, Governor:

Your communication of the 29th inst. is received, wherein you require the opinion of the court upon the following questions: Is the salary of members of the Legislature payable monthly, quarterly, or yearly? Is it payable in advance, or at the close of the period?

The portions of the Constitution relating to the subject are not entirely free from doubt as to their true meaning, and the members of this court are not of the same opinion in every respect in regard to their interpretation. A majority of the justices, however, have come to the following conclusions:

Section 2 of Article IV. reads as follows: "The sessions of the Legislature shall be annual; the first session on the second Monday of June, A. D. 1868, and thereafter on the first Tuesday after the first Monday of January, commencing in the year A. D. 1869. The Governor may in the interim convene the same in extra session by his proclamation."

Section 3 is as follows: "The members of the Assembly shall be chosen biennially, those of the first Legislature on the first Monday, Tuesday, and Wednesday of May, A. D. 1868, and thereafter on the first Tuesday after the first Monday of November, commencing with the year, A. D. 1870.

From these sections we infer that the legislative year is to be held to commence with the day of the annual meeting of the Legislature, and to end on the day fixed for the next annual meeting of that body.

Section 4 of Article XVI. provides that the "*salaries*" of the

Governor, Lieutenant-Governor, Justices of the Supreme Court, Circuit Judges, and Cabinet *officers* shall be certain fixed sums ; that the "*pay*" of the members of the Legislature shall be five hundred dollars per annum, and ten cents per mile; and all other officers of the State shall be paid by fees ; and section 6 says, " The *salary* of each *officer* shall be payable quarterly upon his own requisition."

Are members of the Legislature *officers* within the meaning of the Constitution ?   The Constitution of the United States, Article I., section 6, says, "No Senator or Representative shall, during the time for which he was elected, be appointed to any civil office,   *   *   *   and no person holding *any office* under the United States shall be a member of either House during his continuance *in office*."   The Houses of Congress have, on several occasions, decided, and we believe invariably, that members of Congress were not officers in the true sense of the word.   It has also been so held by the Legislatures and courts of various States and of this State, in reference to members of Legislatures and State Conventions.

Our Constitution speaks of Senators vacating their "*seats*," not their "*offices*."   It says, the "salary" of certain officers shall be a certain sum, and that the "salary" of each "officer" shall be payable quarterly ; and in regard to the compensation of members of the Legislature, in the same section which provides the amount of salaries, it says, not "*salaries*," but the "*pay*" of members of the Senate, &c., shall be five hundred dollars per annum and mileage.

The provision that the salary of each officer shall be payable quarterly cannot apply to members of the Legislature, because the "*pay*," including *mileage*, renders the sum they may be entitled to receive indefinite.   It certainly cannot be held that they are to draw their mileage quarterly.

The words " all *other* officers," in the fourth section, following the enumeration of several officers and their *salaries*, and members of the Legislature and their "*pay*," refers immediately to

the *officers* named, and not to members of the Houses. The words or terms " salary " and " pay," refer the one to the " officers " mentioned, and the other to the " members."

The duties of the several " officers " of the State are constant ; each may be called upon at any moment to perform the duties of his position. Members of the Legislature have no duties to perform as officers independently of other members or officers, but act only when assembled pursuant to law, and their duties may be said to begin and to end with *voting* upon questions submitted. The amount of their "*pay*" does not depend upon their performing six or sixty days service. They are required to attend an annual session in January, and *may* be convened on extraordinary occasions by the Governor, and on such occasions are entitled to additional pay by way of mileage ; and this again illustrates the suggestion that they are not included among the officers who draw their salaries quarterly, the amount of their pay as mileage not being susceptible of accurate calculation because the number of occasions on which they may be convened cannot be anticipated.

We therefore conclude that the provision of the Constitution entitling members of the Legislature to a given amount of *pay* per annum means that they are entitled to so much for each legislative year ; that the legislative year for 1868 commenced on the day fixed for the annual session in that year, and that the legislative year for 1869 commenced on the day of the annual session for that year.

We are therefore of the opinion that the "*pay*" of members not being included in the term *salary*, and therefore not being required to be drawn quarterly, it is within the province of the Legislature to prescribe the time of its payment.

For the court.

Respectfully submitted,

O. B. HART, Associate Justice.

NOTE.—The head note in this case was prepared in accordance with the statute by the Judge delivering the opinion.—REP'R.

WESTCOTT, J., dissented from the foregoing views in the letter following:

His Excellency HARRISON REED, Governor of Florida:

SIR: Your communication of January 29th has been received by the court, and I regret that I.cannot agree with the conclusion to which a majority of the court has arrived.

The answer to the inquiries made, which I need not repeat, involves the consideration and construction of sections 1 and 2, Article IV., section 6, Article XVI., and a portion of section 4, Article XVI., of the Constitution of this State. These sections, so far as they relate to the subject of inquiry, are as follows:

"The legislative authority of this State shall be vested in a Senate and Assembly, which shall be designated the Legislature of the State of Florida, and the sessions thereof shall be held at the seat of government of the State."

"The sessions of the Legislature shall be annual, the first session on the second Monday of June, A. D. 1868, and thereafter on the first Tuesday after the first Monday of January, commencing in the year A. D. 1869."

"The pay of the members of the Senate and House of Representatives shall be five hundred dollars per annum, and in addition thereto ten cents per mile for each mile travelled from their respective places of residence to the Capital, and the same to return, such distance to be estimated by the shortest general thoroughfare."

"The salary of each officer shall be payable quarterly upon his own requisition."

In the light of the authorities upon the subject there may be some difference of opinion as to whether members of the Legislature.are officers within the meaning of that term as used in Article VI., section 16, of the Constitution of this State, which is the clause last above mentioned. I cannot see, though, how this is a premise from which the conclusion of the court follows. Suppose they are not officers within the meaning of that term as

used in sections 4 and 6 of Article XVI. of the Constitution, does it follow that they can appropriate one thousand dollars for their pay for eight months when the Constitution provides that "the pay of the members of the Senate and House of Representatives shall be five hundred dollars *per annum,*" that is, *through a year, a period of twelve months?* It is certainly obvious that no such consequence results. Their pay, whether they be "members" or "officers," is limited. It makes no difference what they are.

But it is the opinion of a majority of the court that the members of the Legislature are entitled to five hundred dollars for each "*legislative year;*" that the legislative year for 1868 commenced on the day fixed for the "annual" session for that year, and that the "legislative year for 1869 commenced on the day of the annual session for that year," and that the members of the Legislature are entitled to the sum of five hundred dollars for the session held in 1868, and to five hundred dollars for the session of 1869; that what is due for 1869 can be paid upon an appropriation in January, 1869, and that they are entitled to five hundred dollars in January, 1870, which can be paid upon an appropriation at the termination of the session of January, 1870, thus making the pay of the members of the Legislature, who in the view of the court commenced their legislative year in June, 1868, the sum of fifteen hundred dollars ($1500) for the space of one year and eight months, or one thousand dollars for eight months.

I regret that I must dissent from this view.

While it is true that the second section of Article IV. requires that the sessions of the Legislature shall be annual, the first session on the second Monday of June, A. D., 1868, and thereafter commencing on a certain day in January, 1869, yet it does not follow that because two sessions of the Legislature are in fact held within the space of one year, that this clause in the Constitution, which proposes not to *create a legislative year as distinct from any other year, but solely to determine the time and number*

TERMS HELD IN 1868–'9. 695

Pay of Members of the Legislature—Dissenting Opinion of Westcott, J.

*of sessions the Legislature shall hold,* should be held to fix the amount of *pay* that members are to receive; and especially is this true when we remember that there is a particular clause in the Constitution which was inserted for the express purpose of fixing *the pay.*

In my opinion the pay of the members of the Legislature must be determined by that clause in the Constitution which was inserted for the express purpose of fixing it, and the terms of which are not of doubtful signification, but which is, in very words, so plain that there is no necessity for referring to any other clause of the Constitution to aid us in coming to a proper conclusion as to its meaning.

Leaving, therefore, the consideration of section 2, Article IV., of the Constitution, the purpose of which is simply to prescribe the time at which the sessions of the Legislature are to be held, and which does not in my opinion propose to fix a distinct " legislative year " for the purposes of pay, I come to the consideration of section 4, Article XVI., of the Constitution, which was inserted for the express purpose of fixing the pay of members of the Legislature and the salaries of officers.

This section provides as follows (section 4) : " The salary of the Governor of the State shall be five thousand dollars *per annum ;* that of the Chief-Justice shall be four thousand five hundred dollars ; that of each Associate Justice shall be four thousand dollars ; that of each judge of the circuit court shall be three thousand five hundred dollars ; that of the Lieut. Governor shall be two thousand five hundred dollars; that of each cabinet officer shall be three thousand dollars.

" *The pay of the members of the Senate and House of Representatives shall be five hundred dollars per annum, and in addition thereto, ten cents per mile for each mile travelled from their respective places of residence to the capital,* and the same to return."

Here we find an express provision, which in my judgment leaves the question without doubt.

It is provided that the pay of the members of the Senate and House of Representatives shall be five hundred dollars *per annum*. What does this term "*per annum*" mean here? It will be noted that it occurs in a previous portion of the same section, wherein provision is made "that the salary of the Governor shall be five thousand dollars *per annum*," and it is obvious that the meaning of the words "per annum" in each connection mean precisely the same thing, and there is no reason in my judgment why we should look elsewhere to construct a new and different legislative year for purposes of pay; and especially is this so when the section to which you are referred is only in the Constitution to fix the number and time of the sessions of the Legislature, and has nothing to do with the pay of its members.

It is my opinion, therefore, that the pay of a member of the Legislature attaches and begins to run when he becomes subject to be called upon to perform legislative duties, in the same way that an officer's pay attaches upon his acceptance and qualification.

The mode of drawing it I am inclined to think may be fixed by the Legislature in such manner and at such time as is consistent with this view of the Constitution.

I am therefore of opinion that no act or series of acts, the operation of which is to pay a member of the Legislature anything beyond the sum of five hundred dollars within the space of one year from the time he is subject to be called upon to perform legislative duties, is constitutional.

I am aware of the fact that another department of the government has with an almost unanimous voice given a different construction to the Constitution, and if I had any reasonable doubt in the matter, I would follow their construction; but as I am without doubt in the premises I am constrained to express that opinion which I feel sure is correct.

Respectfully

James D. Westcott, Jr.,

Associate Justice Supreme Court of Florida.

Supreme Court, Tallahassee, Fla., Feb. 1st, 1869.